## Zendek v. Moshannon Smithing Coal Co. et al.

*George Jerko* and *Carl Belin*, for claimant.

*Thompson & Baird,* for defendant and insurance carrier.

SMITH, P. J., June 29, 1942.—In this case claimant filed a petition alleging the loss of the use of his right eye through an accident in defendant's employment on January 15, 1940. After hearing the referee made an award in favor of claimant based upon the loss of industrial vision of the eye. Thereafter, on appeal from the referee, the Workmen's Compensation Board affirmed the referee's findings and award. Between the referee's decision, notice of filing of which was apparently mailed out June 6, 1941, and the board's decision apparently filed February 2, 1942, the insurance carrier on November 18, 1941, filed a petition for rehearing. The present appeal to the court is from the board's affirmance of the referee's award and the included order dismissing the petition for rehearing.

While the appeal questions the board's affirmance of the referee's award, appellant's argument before us

concedes that there is evidence in the record to sustain the findings of the board. The one question argued before the court was whether or not in dismissing the petition for rehearing the board abused its discretion. Appellant concedes, as it must, that the allowance of a rehearing is discretionary with the board, and unless the action of the board amounted to an abuse of discretion it could not be disturbed by the court.

The evidence was that claimant while working in a coal mine was struck in the eye by a piece of coal, that he was compelled to cease work, reported to the superintendent, was sent to a doctor and by him to the Altoona Hospital, where an operation upon his eye was performed the same day. It is conceded that the injury and operation were of such a nature that the loss of the use of the eye would result therefrom. The principal question was whether or not at the time of the accident claimant had vision in the injured eye, or whether he had lost such vision in an accident many years earlier. Claimant at the hearing before the referee testified as to the earlier injury while he was a boy, but also testified that he had the use of his eye, both generally and for reading purposes, up to the time of the accident of January 15, 1940. The petition for rehearing is based upon after-discovered evidence, and to it is attached the affidavit of one Edward Fitch that he had attended school with claimant in 1924, when the earlier injury occurred through a dynamite cap explosion; that he was treated therefor by a doctor and during his subsequent acquaintance claimant made declarations that he could see nothing out of his right eye, and that this declaration was corroborated by his actions and appearance. The petition also alleges that there was other after-discovered evidence of the same nature, and alleges that this evidence was not available, in spite of diligent effort, before the hearing.

We see no reason for disturbing the action of the board. The alleged after-discovered evidence would, of

course, be subject to the question of its credibility, if received, and at most would amount to declarations by claimant and observations by the witness over a long period of time, over 15 years, during the early part of which both the declarant and the witness were apparently of tender years. Furthermore, in defendant's answer to the original petition the carrier raised in paragraph 13 the exact question that the disability was due to an injury many years before. This matter was gone into extensively at the hearing before the referee, and there was an interval of over two months between the two hearings. Appellant therefore knew and had raised the question at issue, and had a full opportunity to produce any evidence it desired upon that issue.

In addition it may be noted that claimant made no attempt to conceal the prior injury, but testified freely about it. The question whether there was vision in the right eye was also the subject of testimony upon the part of two physicians, one called by claimant and one by the defendant carrier. Defendant's physician testified he could not tell from his examination whether claimant had vision in the eye prior to the recent injury. Claimant's physician stated his opinion, based upon the history of the case and observations of his own, that there probably was some vision in the eye prior to January 15, 1940. The credibility of this testimony, and of claimant's own testimony that he had the use of his eye, was for the referee and the board, and we think the weight of the testimony is with claimant. That weight would not be seriously affected by dubious and vague declarations and observations of the kind proposed to be shown in the alleged after-discovered evidence. The board's action in refusing the petition for rehearing after a long delay was therefore proper. Appellant complains of the board's failure to discuss the petition for rehearing, but there was no obligation upon it to do so, as the

492

matter was discretionary, and the record speaks for itself.

### Order

And now, June 29, 1942, for the reasons set forth in opinion herewith, the order of the Workmen's Compensation Board dated February 2, 1942, affirming the referee's findings, conclusions, and award, is hereby sustained, and the refusal of the petition for rehearing is also sustained. Judgment is entered in accordance with the referee's award in favor of claimant and against defendant, for the sum of $1,656.25, and in addition thereto the reasonable cost of medical and surgical services during the statutory period, and with interest at six percent per annum on the deferred payments; the costs to be paid by appellant.